IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDON MILLWRIGHT SERVICES, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| ERNEST BOCK & SONS, INC., | : | |
| Defendant. | : | NO. 11-7009 |

**M E M O R A N D U M**

**GENE E.K. PRATTER, J.**                                                         **JULY 15, 2013**

In this construction dispute, Lydon Millwright Services, Inc. ("Lydon") has sued Ernest Bock & Sons, Inc. ("Bock") for breach of contract and unjust enrichment. Additionally, Bock has filed a third-party complaint against the City of Philadelphia, G&T Conveyor Company, and Mulhern Electric Company, alleging, *inter alia*, that these parties have breached their contracts with Bock. On March 9, 2012, the Court stayed this third-party litigation. Following discovery and several rounds of briefing, as well as oral argument, the Court then denied Bock's motion for summary judgment as to Lydon's underlying suit. Lydon and Bock now disagree as to whether the Court should stay the underlying action in accordance with the *Colorado River* doctrine.[1] For the reasons that follow, the Court holds that this doctrine is inapposite and that Lydon's claims must proceed to trial.

---

[1] The parties have filed legal memoranda regarding this issue on the docket. Although the issues have not been articulated in a formal motion, the Court will treat the parties' respective positions as such, namely, a motion by Bock for a stay and a cross-motion by Lydon for an order permitting the case to proceed.

1

## I.  Factual and Procedural Background

The Philadelphia International Airport currently is undertaking a construction project that includes the installation of a baggage handling system.  When this lawsuit commenced, Bock was the general contractor for the project.  In March 2008, Lydon contracted with Bock and agreed to install the mechanical portion of the baggage handling system through a five-phase process.  For each phase, G&T Conveyor Company was expected to deliver baggage handling system equipment to Lydon.  Following these deliveries, Lydon was to install the baggage handling system, other subcontractors hired by Bock were to connect electrical power to the system, and Lydon was then to perform a mechanical check of the system.

The airport project was originally scheduled for completion on November 20, 2009.  Time has flown by and the project has suffered numerous delays and has not been completed.  On November 9, 2011, Lydon filed the original complaint in this action, invoking the Court's diversity jurisdiction.  The complaint alleged that Bock breached its contract with Lydon by causing delays in Lydon's work.  Count 1 of Lydon's complaint is for breach of contract and Count 2 is for unjust enrichment.

On January 24, 2012, Bock filed a third-party complaint against the City of Philadelphia, G&T Conveyor Company, and Mulhern Electric Company.  The third-party complaint includes allegations that all three third-party defendants breached their respective contracts with Bock by causing delays in the performances of the airport contract.  On March 2, 2012, G&T filed a motion to stay the third-party litigation, on the grounds that in the Philadelphia Court of Common Pleas G&T was already litigating the issues newly alleged in the federal court third-party complaint.  The Court subsequently granted the motion, which was joined by the other third-party defendants, and, for the time-being, stayed the third-party litigation.

**II. Discussion**

As a general matter, "the pendency of a case in state court will not bar federal litigation of a case concerning the same issues if the federal court has jurisdiction over the case before it." *See Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 223 (3d Cir. 1994). Indeed, *Colorado River* – the very decision invoked by Bock in support of a stay – held that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). For this reason, a court may only invoke the *Colorado River* doctrine to stay a case "in exceptional and narrow situations." *See Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir. 1991).

A determination of whether to stay a case under *Colorado River* involves a two-step inquiry. A federal court must first ascertain whether the proceeding before it is "parallel" to a proceeding in state court. *See Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003). If a court determines that the proceedings are parallel, then it may weigh whether to stay a case based on the factors enumerated in *Colorado River. See BIL Mgmt. Corp. v. N.J. Econ. Dev. Auth.*, 310 F. App'x 490, 491 (3d Cir. 2008).

In *University of Maryland*, a university brought a class action against an auditor in federal court, alleging that the auditor provided misleading certifications of an insurer's financial statements. *See* 923 F.2d at 267. At the same time, the Pennsylvania insurance commissioner filed suit against the auditor in state court on behalf of a different group of plaintiffs. *See id.* at 268. The causes of action in the two cases differed. *See id.* at 268-69. The Third Circuit Court of Appeals held that the proceedings were not parallel, because "while certain issues to be litigated in the policyholders' federal claim may be identical to issues that have been or will be raised by the Commissioner in state court, the lack of identity of *all* issues necessarily precludes

*Colorado River* abstention." *See id.* at 276 (emphasis added). Likewise, *Trent* held that "when a federal court case involves claims that are distinct from those at issue in a state court case, the cases are not parallel and do not justify *Colorado River* abstention." *See* 33 F.3d at 224; *see also Oliver v. Sid Bernstein, Ltd.*, No. 96-4471, 1997 WL 135751, at *4 (E.D. Pa. Mar. 11, 1997) ("The *Colorado River* analysis, however, turns on the claims brought, rather than upon whether or not those claims can trace their origin to a common nucleus of operative facts.").

In addition to an identity of claims, the "parallelism" test of *Colorado River* requires that there be sufficient overlap between the parties in the state and federal cases. Although the parties in each case need not be completely identical, *see IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 306 (3d Cir. 2006), the Third Circuit Court of Appeals has repeatedly emphasized that cases are typically "parallel so as to justify abstention under *Colorado River* when they involve the same parties[.]" *See Trent*, 33 F.3d at 223; *see also Timoney*, 66 F. App'x at 405 ("Cases are parallel if they involve the same parties[.]"). A court within the Middle District of Pennsylvania has thus held that a putative class action filed in federal court is not parallel to an earlier filed individual action brought in state court, even though both suits were based on the same theory of liability. *See Weitzner v. Sanofi Pasteur, Inc.*, No. 11-2198, 2012 WL 1677340, at *5 (M.D. Pa. May 14, 2012).

Turning to this airport construction litigation, the Court finds that the underlying action in this court is not parallel to the pending state action, because Lydon, the plaintiff here, is not a party to the state court case. Concomitantly, the state court case involves Liberty Mutual Insurance Company ("Liberty"), Fidelity and Deposit Company of Maryland ("Fidelity"), Chisom Electrical Contractors, Inc. ("Chisom"), and Berkley Regional Insurance Company ("Berkley"), none of whom are parties in the underlying action before the Court. Given such

variation between the parties in the two cases, the Court concludes that these state and federal actions are not "parallel." *See Weitzner*, 2012 WL 1677340, at *5.

Moreover, the state and federal suits are dissimilar given the nature of the claims being advanced in state court. In the federal litigation, Lydon has brought claims against Bock for breach of contract and unjust enrichment. The state court case involves a much broader range of claims, including: (i) claims by G&T Conveyor Company for breach of contract against Bock, and for an action on payment bond against Liberty and F&D; (ii) a counterclaim by Bock against G&T for breach of contract; (iii) counterclaims by Bock, Liberty, and Fidelity against the City of Philadelphia, Chisom, and Berkley; and (iv) counterclaims by the City of Philadelphia against Bock, Liberty, and Fidelity. There is manifestly a "lack of identity of *all* issues" in the state and federal litigation, *see University of Maryland*, 923 F.2d at 276, and the Court cannot find that the two cases are parallel in such a situation. *See Trent*, 33 F.3d at 224 ("[W]hen a federal court case involves claims that are distinct from those at issue in a state court case, the cases are not parallel and do not justify *Colorado River* abstention.").

In its briefing, Bock relies heavily on *Day v. Union Mines Inc.*, 862 F.2d 652 (7th Cir. 1988) to argue that the underlying proceeding before the Court is parallel to the state action. However, in *Day* the "two parties to the federal action . . . [were] the real parties in interest in virtually every aspect of the state proceedings." *See id.* at 655. In this case, Lydon is not a party to the state court action. Moreover, *Day* involved a situation in which "the federal lawsuit [and] the state lawsuit center[ed] on the proper interpretation of [a particular contract] and the performance of the parties thereunder," *see id.* at 656, whereas the Lydon-Bock contract is not at issue in the state court litigation. The Court thus finds that *Day* fails to alter its conclusion that the *Colorado River* doctrine cannot justify a stay of the underlying action.

5

## III. Conclusion

For the foregoing reasons, the Court determines that the *Colorado River* doctrine does not apply, and that Lydon may proceed with its claims against Bock.

An Order consistent with this Memorandum follows.

BY THE COURT:

s/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge